**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4892**

———————————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

ANDRE TURNER PRIMUS,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, District Judge. (3:12-cr-00024-GMG-DJJ-1)

———————————

Submitted: May 17, 2013        Decided: May 30, 2013

———————————

Before DAVIS, WYNN, and FLOYD, Circuit Judges.

———————————

Affirmed in part; dismissed in part by unpublished per curiam opinion.

———————————

Stephen D. Herndon, Wheeling, West Virginia, for Appellant. Andrew R. Cogar, Assistant United States Attorney, Clarksburg, West Virginia; Thomas Oliver Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Turner Primus pled guilty, pursuant to a written plea agreement, to possession with intent to distribute 4.2 grams of cocaine base, in violation of 21 U.S.C. § 841(a) (2006). The district court sentenced Primus to 188 months' imprisonment, to be served consecutively to any prior state or federal sentence. Primus appeals.

On appeal, Primus' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether an information filed pursuant to 21 U.S.C. § 851 (2006) was adequate to support the district court's application of a statutory sentencing enhancement. Primus was notified of his right to file a pro se supplemental brief but has not done so. The Government has moved to dismiss the appeal based on the appellate waiver provision in Primus' plea agreement. We dismiss in part and affirm in part.

We review the validity of an appeal waiver de novo. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). Where the government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently agreed to waive his right to appeal, and (2) the issues raised on appeal fall within the

scope of the waiver. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005).

To determine whether a defendant has entered an appeal waiver knowingly and intelligently, we must examine the totality of the circumstances, including the defendant's experience, conduct, educational background, and familiarity with the agreement's terms. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). "An appeal waiver 'is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver.'" United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (quoting United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992)).

Our review of the record indicates that Primus' waiver is valid and enforceable as to issues within its scope. During the plea hearing, the magistrate judge[1] specifically advised Primus regarding the terms of his appellate waiver. Primus confirmed that he had reviewed the plea agreement with counsel. The terms of the written waiver were "clear and unmistakable."

---

[1] Primus consented to arraignment by a magistrate judge. See 28 U.S.C. § 636 (2006).

See Blick, 408 F.3d at 169. Further, Primus testified that he understood the rights he was waiving through that provision, and his age, education, and understanding of the English language further support this conclusion. Under the totality of the circumstances, we conclude that Primus knowingly and intelligently waived his appellate rights pursuant to this provision.

Primus' appellate waiver forfeited his right to appeal any sentence below the statutory maximum provided for his offense. Primus in fact received such a sentence.[2] Thus, we grant the motion to dismiss insofar as it addresses an appeal of Primus' sentence. However, because the waiver provision does not foreclose a challenge to Primus' conviction, we deny the motion to dismiss insofar as it seeks to dismiss an appeal of Primus' conviction.

In accordance with Anders, we have reviewed the record in this case and have found no potentially meritorious issues that fall outside the scope of the appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal of Primus' sentence. We also deny the motion

---

[2] Insofar as a challenge to the sufficiency of the § 851 information filed by the Government could affect the statutory maximum applicable to Primus, he received a sentence well below the statutory maximum applicable even without the enhancement for his prior conviction. See 21 U.S.C. § 841(b)(1)(C) (2006).

to dismiss in part and affirm the district court's judgment as to all remaining issues. This court requires that counsel inform Primus, in writing, of the right to petition the Supreme Court of the United States for further review. If Primus requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Primus.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART